UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| HYPER QUENCY MODULA, *formerly known as* Aysia Jamillia Carlette Fox-Thompson, | ) ) ) | |
| | ) | No. 5:26-CV-251-REW |
| Plaintiff, | ) ) | |
| v. | ) ) | OPINION & ORDER |
| | ) | |
| KEY ASSETS KENTUCKY, INC., *et al.*, | ) ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Hyper Quency Modula is a resident of Lexington, Kentucky.  Proceeding without counsel, Modula filed a complaint and a motion for leave to proceed *in forma pauperis*, which the Court granted.  *See* DE 1 (Complaint); DE 2 (Motion); DE 5 (Order).  The Court now screens Modula's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Because Modula has failed to state a claim upon which relief can be granted with respect to her claims arising under federal law, the Court will dismiss those claims with prejudice.  The Court declines to exercise jurisdiction over Modula's state law claims and will dismiss them without prejudice.

**I.**

Modula makes the following factual allegations, which the Court accepts as true for purposes of this analysis.  *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  Modula is a transgender woman that was previously employed by Key Assets Kentucky, Inc. and Key Assets International (collectively, "Key Assets") as a youth care worker at a residential facility.  *See* DE 1 at 4, 6, 26.  Modula reports that she was good at her job and "was consistently described by coworkers and managers as kind, reliable, and compassionate."  *Id.* at 6.

Because staff were not allowed to leave the premises during shifts and were not given a formal lunch break, they were permitted to "help themselves to available food at the facility." *Id.* at 7. Modula also reports that House Manager Gerald Woods gave her permission to take food home. *Id.* Nevertheless, supervisory employee Carrie Price terminated Modula's employment on February 3, 2025, based on allegations that Modula stole food, worked an unauthorized shift, neglected children, and refused to "park illegally." *Id.* at 7–8.

Key Assets later advised the Kentucky Office of Unemployment Insurance that Modula had been fired for dishonesty, which resulted in the denial of Modula's request for unemployment benefits. *Id.* at 8. Modula reports that, as a result of Key Assets's and Price's actions, she became homeless, attempted suicide, and was diagnosed with PTSD. Modula filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). *See id.* at 27. The EEOC dismissed the charge and issued a right-to-sue letter on July 8, 2025. *Id.* at 28.

On July 10, 2025, Modula filed a complaint against Key Assets in state court. *See Modula v. Key Assets, et al.*, No. 25-CI-02865 (Fayette Cir. Ct.). Attorneys Bradley Moore and Sarah Telle (both of Moore, Davis, Starnes & Bliss, PLLC) represented Key Assets in that proceeding. Modula alleges that Moore repeatedly referred to her by the wrong pronouns and threatened her with physical violence by stating that "he is an armed ranger, knows every lawyer, has a firearm in his office, and would 'handle'" Modula. *See* DE 1 at 8. Modula also reports that Moore and Telle falsely told the court that Modula "was aggressive, slammed papers, forced entry, and threatened staff." *Id.* at 9. On September 2, 2025, the state court issued a preliminary restraining order barring Modula from entering Key Assets's property and from contacting its employees until the case was resolved. *See id.* For reasons that are unclear, the court dismissed Modula's complaint without prejudice the same day. That night, Modula was treated for suicidal

ideation because she "did not feel heard in court that day." *Id.* Modula subsequently "spent over $100 in certified Priority Mail postage sending filings to the Kentucky Court of Appeals over several months." *Id.* at 10.

Modula filed the present complaint on July 9, 2026. She names the following defendants: (1) Key Assets Kentucky, Inc.; (2) Key Assets International; (3) Carrie Price; (4) Bradley Moore; and (5) Sarah Telle. Modula brings the following claims: (1) wrongful termination based on sex/gender identity in violation of Title VII of the Civil Rights Act (against Key Assets); (2) retaliation in violation of Title VII of the Civil Rights Act (against Key Assets); (3) identity based discrimination in violation of 42 U.S.C. § 1981 (against all defendants); (4) wrongful termination in violation of public policy (against Key Assets); (5) defamation (against Key Assets and Price); (6) intentional infliction of emotional distress (against all defendants); (7) negligent infliction of emotional distress (against Key Assets and Price); (8) obstruction of access to the courts in violation of the First and Fourteenth Amendments to the United States Constitution (against Moore and Telle); (9) civil conspiracy in violation of 42 U.S.C. § 1985 (against Moore and Telle); (10) fraud upon the court (against Moore and Telle); (11) abuse of process (against Moore and Telle); (12) "discrimination on the basis of gender identity" (against Moore and Telle); (13) breach of implied contract/promissory estoppel (against Key Assets); and (14) wage theft and failure to provide required rest periods (against Key Assets). For relief, Modula seeks over $12 million dollars and various forms of injunctive relief.

## II.

The Court must dismiss any claims that fail to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In reviewing Modula's claims, the Court applies the standard that governs a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 127 S. Ct. at 1974).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also In re E.I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 87 F.4th 315, 320 (6th Cir. 2023) (explaining that "the complaint must allege facts supporting an inference that the defendant's liability is plausible, rather than just possible"). At this stage of review, courts "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Additionally, *pro se* complaints are liberally construed and held to less stringent standards than those filed by lawyers. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). The Court employs these standards here.

### III.

The Court begins by considering Modula's claims that arise under federal law. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination that is based on an individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). To state a viable claim for sex discrimination under Title VII, the plaintiff must allege facts plausibly indicating that the defendant subjected her to an adverse employment decision that was, at least in part, because of the plaintiff's sex. *See Bostock v. Clayton Cnty.*, 140 S. Ct. 1731, 1739–40 (2020); *EEOC v. R.G. & G.R. Harris Funeral Homes, Inc.*, 884 F.3d 560, 574–81 (6th Cir. 2018).

Modula alleges no such facts. Notably, she fails to allege that anyone at Key Assets knew she was transgender. Modula also fails to allege facts suggesting that anyone at Key Assets (let alone an employee with firing authority) acted with a discriminatory animus. For example, she does not allege that she was subjected to discriminatory comments or that similarly situated non-transgender employees were treated differently than her. *See Washington v. Sodecia Auto.*, No. 25-1362, 2025 WL 2965835, at *3 (6th Cir. Oct. 21, 2025) (explaining that plaintiff's "naked assertions" that defendant engaged in race discrimination were insufficient to avoid dismissal). Since the claim apparently is based on nothing more than Modula's subjective beliefs, it will be dismissed.

Title VII also prohibits employers from retaliating against employees for engaging in protected conduct. *See* 42 U.S.C. § 2000e-3(a). Modula alleges that Key Assets retaliated against her in violation of Title VII after she refused to "park illegally." However, protected conduct under Title VII includes opposing a practice *made illegal by Title VII. See Huang v. Ohio State Univ.*, 116 F.4th 541, 562 (6th Cir. 2024); *Roberts v. Principi*, 283 F. App'x 325, 331 (6th Cir. 2008). Since Modula's refusal to park in a particular location has no apparent connection to the protections afforded under Title VII, her retaliation claim necessarily fails.[1]

Turning to Modula's next federal claim, she alleges that all of the defendants engaged in "identity based discrimination" in violation of 42 U.S.C. § 1981. Section 1981 prohibits discrimination on the basis of race, color, and ethnicity in the making, performance, modification,

---

[1] Modula's Title VII claims are likely time barred. Before filing a lawsuit alleging an employer's violations of Title VII, the aggrieved individual must file a charge of discrimination with the EEOC. *See Logan v. MGM Grand Detroit Casino*, 939 F.3d 824, 827 (6th Cir. 2019). Once the EEOC issues a right-to-sue letter, the individual has 90 days to file suit. *See* 42 U.S.C. § 2000e-5(f)(1). Modula tendered her right-to-sue letter, which was issued on July 8, 2025. *See* DE 1 at 28. She reports having received the letter in July or August of 2025. *Id.* at 27. The instant action was commenced far beyond the 90-day window on July 9, 2026.

5

and termination of contracts. While Modula describes her race and color as "Black/mixed," *see* DE 1 at 26, the complaint is devoid of factual allegations plausibly suggesting that any defendant discriminated against her based on her race, color, or ethnicity. Accordingly, this claim, per the § 1981 rubric, must be dismissed.

In her final federal claim against Key Assets, Modula alleges that she was not given meal and rest breaks as required by unspecified "federal labor standards." *See* DE 1 at 12. The Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, does not require employers to provide such breaks. *See Sec'y of DOL v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017). And while Modula makes a vague reference to "wage theft," she does not explain in any clear or plausible way that Key Assets failed to pay her for all time worked. Thus, this claim will be dismissed.

The Court turns to Modula's federal claims against attorneys Moore and Telle. Modula seeks money damages from Moore and Telle under 42 U.S.C. § 1983 based on their alleged obstruction of Modula's access to the courts in violation of the First and Fourteenth Amendments. Modula seems to base this claim on her inability to visit Key Assets's premises or contact its employees after Moore and Tell helped Key Assets obtain a restraining order in state court. As an initial matter, it is unclear how Modula's inability to engage in these activities would obstruct her access to the courts or interfere with her ability to prosecute her case. However, this claim fails for a more fundamental reason.

To state a cognizable claim for relief under 42 U.S.C. § 1983, the plaintiff must allege that she was deprived of a right secured by the Constitution or other federal laws and that the deprivation was caused by a person acting under color of state law. *See Rhinehart v. Scutt*, 894 F.3d 721, 735 (6th Cir. 2018). Modula does not allege that Moore and Telle were acting under color of law at the time in question. And "[a] lawyer representing a client is not, by virtue of being

6

an officer of the court, a state actor under color of state law within the meaning of § 1983." *See Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003). Accordingly, Modula's § 1983 claims against Moore and Telle cannot proceed.

Finally, the Court considers Modula's claim that Moore and Telle participated in a civil conspiracy in violation of 42 U.S.C. § 1985(3). That provision prohibits a private conspiracy "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." A plaintiff pursuing a claim under § 1985(3) must make "specific allegations showing the existence of a conspiracy." *Azar v. Conley*, 456 F.2d 1382, 1384–85 (6th Cir. 1972). Modula has offered no such facts and, therefore, fails to plausibly allege that Moore and Telle had a "meeting of the minds" as required to establish the existence of a conspiracy. Moreover, this claim is barred by the intra-corporate conspiracy doctrine, which provides that "where all of the defendants are members of the same collective entity, there are not two separate people to form a conspiracy." *See Amadasu v. Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008) (internal quotation marks omitted). On the allegations, the doctrine would preclude the count.

## IV.

Having determined that all of Modula's federal claims should be dismissed, the Court declines to exercise supplemental jurisdiction over her remaining state law claims, as the balance of judicial economy, convenience, fairness, and comity point toward declining jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that after dismissing for failure to state a claim, "there is a strong presumption in favor of dismissing supplemental claims").

**V.**

Based on the foregoing, the Court ORDERS as follows:

1. The Court DISMISSES the following claims with prejudice:  Count 1 (Title VII Wrongful Termination); Count 2 (Title VII Retaliation); Count 3 (42 U.S.C. § 1981 "Identity-Based Discrimination"); Count 8 (42 U.S.C. §1983 Obstruction of Access to Courts); Count 9 (42 U.S.C. § 1985 Civil Conspiracy); Count 14 (to the extent this claim is based on unspecified "federal labor standards").

2. The Court DISMISSES the following claims without prejudice:  Count 4 (Wrongful Termination); Count 5 (Defamation); Count 6 (Intentional Infliction of Emotional Distress); Count 7 (Negligent Infliction of Emotional Distress); Count 10 (Fraud Upon the Court); Count 11 (Abuse of Process); Count 12 (Discrimination on the Basis of Gender Identity); Count 13 (Breach of Implied Contract/Promissory Estoppel); and Count 14 (to the extent this claim is based on Kentucky wage and hour laws).

3. The Court will enter a corresponding Judgment.

This the 24th day of July, 2026.

Signed By:
**Robert E. Wier**   *REW*
**United States District Judge**